PEOPLE *v.* MOFFITT

1. CRIMINAL LAW—CONSTITUTIONAL LAW—CONSTITUTIONAL RIGHT—
ASSISTANCE OF COUNSEL—APPLICABILITY.

Defendant was not denied his constitutional right to the assist-
ance of counsel where he had not requested and been denied
counsel, and there was no process of interrogation designed
to elicit incriminating statements from him (US Const, Am 6).

2. CRIMINAL LAW—CONSTITUTIONAL LAW—WARNINGS—RETROACTIV-
ITY—EVIDENCE—APPEAL AND ERROR.

The *Miranda* warnings need only be given to an accused whose
trial started after June 13, 1966, therefore where defendant
voluntarily placed himself in police custody, willingly disclosed
the location of the gun he had used to shoot his wife, and
was tried for assault with intent to commit murder in 1965,
it was not prejudicial error to admit into evidence defendant's
extrajudicial statements and the weapon he used without
warning him of his constitutional rights to remain silent
and to the assistance of counsel (*Miranda* v. *Arizona* [1966]
384 US 436).

Appeal from Berrien, Philip A. Hadsell, J.   Sub-
mitted Division 3 March 3, 1970, at Grand Rapids.
(Docket No. 7,683.)   Decided March 31, 1970.

L. D. Moffitt was convicted of assault with intent
to murder.   Defendant appeals.   Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 312, 314, 317.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *Wilbur Schillinger,* Assistant Prosecuting Attorney, for the people.

*B. A. Zimmerman,* for defendant.

Before: R. B. Burns, P. J., and Fitzgerald and Levin, JJ.

Per Curiam. On July 18, 1965 defendant shot his estranged wife. The following day the Niles police department received a call from a local factory that a man there wanted to see a policeman. An officer was dispatched and found defendant waiting. He stated he wanted to give himself up and entered the police car. The officer asked what had been done with the gun and defendant pointed out its location at a nearby ravine. On November 16, 1965 defendant was tried by jury and convicted of assault with intent to murder. MCLA § 750.83 (Stat Ann 1962 Rev § 28.278). On appeal defendant claims that he was denied his constitutional rights of freedom from self-incrimination and assistance of counsel and that it was prejudicial error to admit his statements and the gun into evidence.

Neither claim has merit. Defendant cites *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758; 12 L Ed 2d 977) and *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974) as support for his contention that his constitutional rights were violated. *Escobedo* is inapplicable because defendant had not requested and been denied counsel nor was there a process of interrogation designed to elicit incriminating statements as found in *Escobedo.* Defendant's trial took place before the *Miranda* decision, and *Miranda* is not retroac-

tive. *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772; 16 L Ed 2d 882); *Davis* v. *North Carolina* (1966), 384 US 737 (86 S Ct 1761; 16 L Ed 2d 895). The explicit warnings set forth in *Miranda* were not required to be given to defendant. Defendant voluntarily placed himself in police custody. He willingly disclosed the location of the gun. Furthermore his defense at trial was that he merely intended to use the gun to frighten his wife into coming back to him. Introduction of his statements and the weapon did not prejudice defendant. We find no reversible error.

Affirmed.